# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-09-040-D |
| GAVIN DOUGLAS LITTLEJOHN, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the government's Motion in Limine [Doc. No.122], seeking a pretrial ruling authorizing the admission of an excerpt from a recorded conversation between Defendant and another Oklahoma County Detention Center ("OCDC") officer. The government also seeks a ruling precluding Defendant from admitting other recorded statements. Defendant has timely responded to the motion, and the government has filed a reply.

The government seeks to admit a statement made by Defendant during a December 15, 2008 conversation with Robert Roy ("Roy"), who recorded the conversation without Defendant's knowledge. In its motion, the government quotes the statement, and asks the Court to rule it is admissible because it constitutes an admission of a party and thus is not hearsay. *See* Fed. R. Evid. 801(d)(2)(A). The government argues that any additional statements which Defendant seeks to introduce should be deemed inadmissible because those statements would constitute hearsay not subject to any exception.

Defendant contends that, if the excerpt at issue is admitted into evidence, the remainder of the December 15, 2008 statement must also be admitted pursuant to Fed. R. Evid 106. He also contends that audio or video recordings of additional statements on dates other than December 15

should be admitted because they reflect an ongoing conversation or discussion between Roy and Defendant. Defendant has submitted copies of transcripts of nine conversations which he contends should be admitted; these conversations took place on seven dates during the period of November 26, 2008 through December 19, 2008. Four of the transcripts reflect conversations between Defendant and Roy, and these occurred on December 5, December 15, and December 19, 2008. The other transcripts reflect conversations or telephone messages between Defendant and William Hathorn, another former OCDC officer. Defendant states that he has suggested to government counsel that the recordings of these conversations should be admitted, subject to redaction to eliminate references to the civil lawsuit filed by the family of Christopher Beckman[1] or other inadmissible information.

The Court has reviewed the parties' briefs as well as the transcripts submitted by Defendant. As Defendant points out, where a portion of a statement or recording is admitted, the Court may determine that other portions of the statement or recording must also be admitted. According to the Federal Rules of Evidence:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106. The Rule reflects the "rule of completeness" or "completeness doctrine," and is designed to guard against the risk that a statement taken out of context may create prejudice that cannot be repaired by the subsequent presentation of additional material. *Beech Aircraft Corp. v.*

---

[1]In a November 30, 2009 Order [Doc. No. 116], the Court granted the government's motion in limine to exclude at trial evidence of the civil lawsuit unless the Court finds at trial that such evidence is admissible to show bias in the event a family member testifies.

*Rainey,* 488 U.S. 153, 171-72 (1988); *United States v. Phillips*, 543 F. 3d 1197, 1203 (10th Cir. 2008). The Rule does not prohibit admission of an incomplete document; "it allows the party against whom the document is introduced to place the remainder in evidence without additional evidentiary foundation." *Phillips*, 543 F. 3d at 1203. Rule 106 does not, however, "necessarily require admission of a defendant's entire statement;" instead, "only those portions which are 'relevant to an issue in the case' and necessary 'to clarify or explain the portion already received' need to be admitted." *United States v. Zamudio*, 1998 WL 166600, at *6(10th Cir. April 6, 1998) (unpublished opinion) (citing *United States v. Haddad*, 10 F. 3d 1252, 1259 (7th Cir. 1993)). To determine if a disputed portion of a statement must be admitted, the Court should consider whether "'(1)it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence.'" *Id.* (quoting *United States v. Li*, 55 F. 3d 325, 329 (7th Cir. 1995)).

The Court concludes that, for the reasons set forth in the government's brief, the December 15 excerpt from Defendant's statement is admissible under Rule 801(d)(2)(A). Having examined the transcript of the entire December 15 conversation between Defendant and Roy, the Court also concludes that other portions of the conversation explain the excerpted statement, place it in context, would avoid misleading the jury, and would insure fair and impartial understanding of the statement. Therefore, other portions of the December 15 recording may be introduced by Defendant pursuant to Fed. R. Evid.106.

With respect to the transcripts reflecting Defendant's conversations with William Hathorn on November 26, November 28, December 3, and December 4, 2008, Defendant has not adequately explained the relevance of those recorded statements and the justification for admitting them under

Fed. R. Evid. 106. Nor is it clear, based on the information and argument presented, that the remaining recordings or transcripts of other conversations with Roy on December 5 and December 19, 2008 satisfy the requirements of Rule 106. Accordingly, if Defendant seeks admission of these statements, counsel will be required to explain in detail to the Court, outside the hearing of the jury, the specific basis for their admission pursuant to Fed. R. Evid.106.

In accordance with the foregoing, the government's motion [Doc. No. 122] is granted to the extent the government seeks to admit the December 15, 2008 recorded statement quoted in its motion. The government's motion to exclude all contextual statements offered by Defendant is denied; subject to the limitations set forth herein, other portions of the December 15 recorded statement are admissible pursuant to Fed. R. Evid.106; however, Defendant must redact any portions referencing the civil lawsuit filed by Christopher Beckman's family, any portions not relevant to the issues in this lawsuit, and portions which are not necessary to provide context for the portion the government intends to introduce.[2] With respect to the remaining recordings which Defendant contends are also admissible under Fed. R. Evid.106, a ruling is reserved. At the appropriate time during trial, counsel for the government shall advise the Court that it intends to introduce the December 15 excerpt from the recorded conversation between Defendant and Roy; counsel for Defendant may then, outside the hearing of the jury, explain in detail the reasons for his contention that recordings other than the December 15 recording are admissible under Fed. R. Evid.106.

IT IS SO ORDERED this 4th day of December, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]The Court directs counsel to confer in an attempt to reach an agreement regarding the portions of the recording to be submitted pursuant to Rule 106.