# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-09-040-D |
| ) | |
| GAVIN DOUGLAS LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the government's Motion in Limine [Doc. No. 145 ] seeking to exclude the testimony of Defendant's witness, Officer Michael Hanson. On December 14, 2009, the Court heard oral argument on the Motion.[1]

Defendant's witness, Michael Hanson, is the Oklahoma City police officer who arrested Christopher Beckman; because of that arrest, Mr. Beckman was in the custody of the Oklahoma County Detention Center ("OCDC"), where the incident underlying the criminal charge in this case occurred. Defendant intends to elicit testimony from Officer Hanson that Mr. Beckman resisted arrest and/or was combative at the time of his arrest and during the booking process.

The government objects to this evidence, arguing that it is not properly admissible under Fed. R. Evid. 404(b), that it is not relevant to the issues in this case, and that any probative value it may have is outweighed by its prejudicial impact. Defendant argues that the circumstances presented differ from those typically involving character evidence. He contends that Mr. Hanson's testimony will show that Christopher Beckman was combative and aggressive toward law enforcement officers

---

[1] Upon receipt of the government's motion, Defendant's counsel requested the opportunity to present his response in oral argument rather than in a response brief. The government did not object, and the Court granted the request.

in general and that his combative conduct began at the time of his arrest and continued throughout his detention. Defendant argues that, rather than Fed. R. Evid. 404(b), the proposed evidence is proffered under Fed. R. Evid. 404(a)(2), applicable to evidence of the character of a victim. Rule 404(a) provides:

> a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (1) Character of Accused.-Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;
>
> (2) Character of Victim.-Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;
>
> (3) Character of Witness.-Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

The Federal Rules of Evidence also limit the manner in which character evidence may be offered. Pursuant to Fed. R. Evid. 405, character evidence, where admissible, is generally established by reputation or opinion; evidence of specific instances of conduct may be allowed, but only in certain circumstances. The Rule provides:

> (a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> (b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Fed. R. Evid.405(a) and (b). The Tenth Circuit has limited the circumstances in which specific instances of conduct may be permitted. "[I]t is the law of this circuit that 'a party may present

2

testimony concerning specific instances of conduct only when character is in issue in the strict sense.'" *United States v. Herder*, 59 F. App'x 257, 263 (10th Cir. 2003)(unpublished opinion) (quoting *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992)(citations omitted)); *see also Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986).[2]

"'Character is directly in issue in the strict sense when...the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties.'" *Herder*, 59 F. App'x at 264 (quoting *Perrin*, 784 F.2d at 1045). In *Herder*, the Circuit cited with approval the Ninth Circuit's decision in *United States v. Keiser*, 57 F. 3d 847 (9th Cir. 1995), noting that *Keiser* emphasized "[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim or defense? If not, then character is not essential and evidence should be limited to opinion or reputation." *Herder*, 59 F. App'x at 264 (quoting *Keiser*, 57 F. 3d at 856-57). The Tenth Circuit has held that character is an essential element "when it is 'a material fact that under the substantive law determines rights and liabilities of the parties.'" *Perrin*, 784 F.2d at 1045 (quoting E. Cleary, <u>McCormick on Evidence</u> §187 (3d ed. 1984)). However, the court in *Perrin* added that "[w]hen character is used circumstantially, only reputation and opinion are acceptable forms of proof." *Id.*

In *Perrin*, a 42 U. S. C. § 1983 case alleging that excessive use of force resulted in the death of the victim, the Circuit found evidence of the victim's character or reputation for aggressive behavior toward police was relevant because the defendants claimed they acted in self-defense, and the victim was the aggressor. However, the Circuit found the trial court erred in admitting that evidence in the form of specific incidents of the victim's past conduct, and ruled instead that only

---

[2]Although *Perrin* is a civil case involving a 42 U.S.C. § 1983 claim of excessive force, the Circuit noted that Rule 404(a)(2) is properly applied in such cases. 784 F.2d at 1044.

3

evidence of his reputation for aggressive behavior was admissible. *Perrin*, 784 F.2d at 1045.

Notwithstanding that conclusion, the Circuit found the evidence was properly admitted as evidence of habit in accordance with Fed. R. Evid. 406, which provides in pertinent part that "[e]vidence of the habit of a person...,whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person...on a particular occasion was in conformity with the habit...." The Circuit agreed with the trial court that "testimony recounting [the victim's] previous violent encounters with police officers was admissible as evidence of a habit under Fed. R. Evid. 406." *Id.* at 1045-46. According to the Circuit:

> This court has defined "habit" as "a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances." *Frase v. Henry*, 444 F.2d 1228, 1232 (10th Cir.1971) (defining "habit" under Kansas law). The advisory committee notes to Rule 406 state that, "[w]hile adequacy of sampling and uniformity of response are key factors, precise standards for measuring their sufficiency for evidence purposes cannot be formulated." Fed.R.Evid. 406 advisory committee note. That Perrin might be proved to have a "habit" of reacting violently to uniformed police officers seems rather extraordinary. We believe, however, that defendants did in fact demonstrate that Perrin repeatedly reacted with extreme aggression when dealing with uniformed police officers.

*Id.* In *Perrin*, the evidence of the victim's habit was based on the testimony of police officers who were familiar with the victim; four police officers testified at trial to at least five separate violent incidents involving the victim and the police. "Five incidents ordinarily would be insufficient to establish the existence of a habit." *Perrin*, 784 F.2d at 1046. However, the defendants had made an offer of proof at trial that eight other officers would testify to additional incidents. The Circuit found the trial court properly admitted the evidence of the victim's prior aggressive conduct as habit evidence. "There was adequate testimony to establish that [the victim] invariably reacted with extreme violence to any contact with a uniformed police officer." *Id.*

4

In this case, however, there is no proffered evidence that Beckman had a habit of reacting with extreme violence to any contact with a uniformed police officer. The proffered evidence is limited to a specific instance, or instances, on a particular date, in which he reacted aggressively toward Officer Hanson and, to some extent, other officers at the OCDC at the time of his booking.

The government correctly argues that, in an excessive force case, the victim's state of mind is generally not relevant to assessing the propriety of the use of force applied by the defendant. *See United States v. Serrata*, 425 F. 3d 886, 903 (10th Cir. 2005) (finding the victim's state of mind had no bearing on whether the defendants were guilty of violating 18 U. S. C. § 242, noting that, regarding the victim's state of mind, the jury could find the defendants guilty if it concluded that they repeatedly kicked him in the head as he lay face down on the floor with his hands behind his back).

The government further argues that there is no evidence Defendant was aware of Beckman's prior conduct during his arrest, his booking, or the period in which he had been confined at the OCDC prior to Defendant's encounter with him in the OCDC infirmary. Thus, the government contends that whether Beckman had been combative toward law enforcement officers during this time period is not relevant to the propriety of the degree of force Defendant utilized to restrain Beckman. However, the *Keiser* court held that the defendant's lack of knowledge is not important to a Rule 404(a)(2) analysis, noting that the rule "provides one of the few instances in which character evidence *is* admissible to allow the jury to infer that a person acted on a specific occasion in conformity with his character. The rule does not contemplate that the character evidence will somehow reveal the defendant's state of mind at the time he acted in self-defense." *Keiser*, 57 F. 3d at 854.

Here, however, Defendant seeks to present specific instances of conduct evidence, in the form of testimony regarding Beckman's behavior at the time of the arrest and during the booking procedure. Such a presentation is prohibited by Rule 405. Thus, the evidence, in the form sought to be offered by Defendant, is inadmissible to advance the theory proffered in Defendant's argument against the motion. Further, contrary to Defendant's argument, the government has not opened the door to such evidence through testimony in its case-in-chief. The Court has reviewed the prior testimony in question and finds that the government has not invited such contradiction evidence.

For the foregoing reasons, the government's Motion in Limine [Doc. No. 145] to exclude the testimony of Defendant's witness, Officer Michael Hanson, is GRANTED.

IT IS SO ORDERED this  15th   day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE