IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-09-040-D |
| ) | |
| GAVIN DOUGLAS LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the government's Motion in Limine [Doc. No. 138 ] seeking to exclude or limit the testimony of Defendant's expert witness, Robert High. Defendant has responded to the Motion.

Defendant offers Mr. High as an expert witness to testify regarding the standards and procedures governing the use of force by Oklahoma County Detention Center ("OCDC") officers. Mr. High is expected to opine that the Defendant's conduct was consistent with those procedures.

The government's objections to Mr. High's testimony are based on the content of the expert report he prepared pursuant to Fed. R. Crim. P. 16(b)(1)(C). A copy of the report has been submitted to the Court under seal, and is included in Defendant's trial exhibits as Exhibit 14. The government contends the report includes legal conclusions and other matters outside the scope of permissible expert testimony, inadmissible hearsay, and opinions on matters which Mr. High is not qualified to address.

Standards governing expert testimony:

Pursuant to Rule 702 of the Federal Rules of Evidence, expert opinion testimony is admissible to assist the trier of fact to understand the evidence or to determine a fact in issue, where

the evaluation of the facts is difficult without the application of some scientific, technical, or other specialized knowledge. Fed. R. Evid.702 advisory committee note. Prior to admitting such testimony, however, the trial court must perform its "gatekeeping" responsibilities by first determining that the proffered opinion testimony is reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). If the Court determines the witness is qualified and his opinion is reliable, it must also determine that the opinion to be offered is relevant and will assist the jury in its determination of the facts. *See, e.g.,Wilson v. Muckala*, 303 F. 3d 1207, 1219 (10th Cir. 2002).

The standards set forth in *Daubert* and *Kumho Tire* are applicable to criminal cases in which expert testimony is proffered. *See, e.g., United States v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2009); *United States v. Rodriguez-Felix*, 450 F. 3d 1117, 1122 (10th Cir. 2006). Accordingly, the Court must determine whether Mr. High's proffered expert testimony is sufficiently reliable and relevant to permit its admission.

Determining the reliability of the opinion requires an assessment of the witness's qualifications and expertise in the area on which he intends to opine. Although *Daubert* prescribes certain factors to apply in determining the reliability of scientific or technical expert testimony,[1] the Court has the discretion to determine the applicability of those factors where, as in this case, the testimony is not scientific; in such cases, the *Daubert* factors should be considered only to the extent they are relevant to the subject of the testimony. *Kumho Tire Company, Ltd. v. Carmichael*, 526

---

[1] According to *Daubert,* when evaluating the admissibility of technical or scientific expert testimony, a court should consider: 1) whether the theory or technique used by the expert can be or has been tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error of the *technique* or method; and 4) whether the theory or technique has obtained general acceptance within the scientific community. 509 U.S. at 593-94.

U.S. 137, 152 (1999).

In this case, the government does not appear to challenge Mr. High's qualifications[2] to testify regarding the standards governing the proper use of force by law enforcement officers or his knowledge of the procedures and standards of the Council on Law Enforcement Education and Training ("CLEET") and the Oklahoma County Sheriff's office regarding the use of force. Accordingly, the reliability of his opinion as to those specific topics is not at issue.[3]

The Court must also determine, however, that the subject matter of the proffered testimony is relevant to the issues to be determined by the jury. The use of force has been held a proper subject for expert opinion testimony in cases asserting violations of constitutional rights based on the alleged use of excessive force; such testimony has been allowed both in civil cases brought pursuant to 42 U. S. C. § 1983 and in criminal cases based on violations of 18 U. S. C. § 242. "Courts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." *Zuchel v. City and County of Denver*, 997 F.2d 730, 742 (10th Cir. 1993) (citations omitted) (assessing admissibility of expert opinion in a § 1983 case); *United States v. Perkins,* 470 F. 3d 150, 154 (4th Cir. 2006) (considering propriety of expert testimony in a § 242 case). Accordingly, expert testimony regarding the use of force is relevant and may be admitted, subject to recognized limitations on the proper scope of such testimony.

As noted above, the government in this case does not argue that expert testimony on the use of force is inadmissible *per se*, but challenges Mr. High's proposed opinions on the grounds that those opinions are beyond the proper scope of expert testimony and/or include inadmissible

---
[2]Mr. High's *curriculum vitae* is included in Defendant's trial exhibits as Exhibit 13.

[3]As discussed *infra*, the government challenges Mr. High's qualifications to opine on medical issues.

3

evidence. As the government argues, even if the Court determines that an expert's opinion is reliable and relevant, the scope of the opinion testimony is limited by certain established rules. The Court will examine each of the government's contentions as they apply to Mr. High's opinions.

Expert testimony presenting legal conclusions:

The government argues Mr. High's report reflects that he intends to opine on the use of force in a manner that constitutes a legal conclusion or otherwise invades the jury's determination of the issues to be decided. In his response, Defendant states that counsel does not intend to elicit such testimony from Mr. High, and he expects the Court to instruct the jury on the law regarding the use of force.

This Circuit has recognized the limitations on expert witness testimony that may include legal terminology. "In no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir.1988), *cert. denied,* 488 U.S. 1088 (1989). "This rule is not, however, a *per se* bar on any expert testimony which happens to touch on the law; an expert may be 'called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.'" *Smith v. Ingersoll-Rand Co.*, 214 F. 3d 1235, 1246 (10th Cir.2000), *quoting Specht,* 853 F.2d at 809. Instead, expert testimony on legal issues "crosses the line between the permissible and impermissible when it 'attempt[s] to define the legal parameters within which the jury must exercise its fact-finding function.'" *Smith*, 214 F. 3d at 1246, *quoting Specht,* 853 F.2d at 809-10 (emphasis added).

In *Smith*, the Tenth Circuit found no error in admitting the testimony of a "use of force" expert in a civil § 1983 action alleging excessive use of force. The expert witness testified regarding his knowledge and expertise in the area of "police training, tactics, and the use of deadly force." 997

4

F.2d at 742. In *Smith,* the defendant argued that, in testifying that the police officer's challenged use of deadly force was inappropriate, the expert witness "instructed the jury on the applicable law." 997 F.2d at 742. The Tenth Circuit disagreed:

> Mr. Fyfe did not give an opinion on whether Officer Spinharney's conduct was unconstitutional. Rather, he stated his belief that the conduct was inappropriate "based on [his] understanding of generally accepted police custom and practice in Colorado and throughout the United States."

*Smith,* 997 F.2d. at 742-43 (quoting witness's trial testimony). "Courts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." *Id.* (citations omitted). Thus, the Circuit found use of force testimony admissible so long as it is limited to the opinion that the challenged conduct was consistent with, or contrary to, established custom and practice.

In this case, the government is correct in stating that Mr. High cannot offer an opinion that Defendant's conduct was constitutionally proper, nor can he offer testimony that would, in effect, instruct the jury on the law regarding the use of force. The applicable law which the jury must apply to the facts in evidence is the subject of jury instructions; whether Defendant's conduct was lawful is a matter reserved for the jury. Mr. High will not be permitted to testify on these matters. However, Mr. High can properly testify regarding his knowledge of the accepted CLEET, Oklahoma County Sheriff's office, and/or other established customs and standards involving the use of force; he can also offer an opinion that Defendant's conduct was consistent with those standards. Counsel for Defendant must instruct Mr. High regarding the parameters of permissible testimony to avoid improper conclusions regarding the constitutional propriety of Defendant's conduct. Furthermore, the Court will give the jury a limiting instruction explaining their proper consideration of Mr. High's testimony.

In this regard, the Court has reviewed Mr. High's expert report and has determined that certain portions state legal conclusions which exceed the proper scope of expert testimony. To ensure Mr. High's compliance with this Order, the Court has redacted the report to exclude these portions. Defendant's counsel is directed to provide Mr. High with the redacted report prior to his testimony and ensure Mr. High understands the limitations regarding his testimony.[4]

Subject to the foregoing limitations, to the extent that the government seeks exclusion of Mr. High's testimony on this basis, its motion is denied. To the extent that it seeks exclusion of portions of the anticipated testimony based on the content of Mr. High's expert report, the motion is granted.

Expert testimony involving use of hearsay:

The government also argues that Mr. High's testimony must be excluded to the extent he intends to offer out-of-court statements of Defendant or others in support of his opinion. The government argues that otherwise inadmissible hearsay cannot be presented in the form of expert testimony.

An expert witness may rely on inadmissible hearsay evidence as a basis for his opinion or inference if it is the type of evidence "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. However, "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." *Id.*

The Tenth Circuit has held that an expert may testify about a statement underlying his

---

[4]Although Defendant's response to the government's motion states that he does not intend to introduce Mr. High's report at trial, to assist counsel the Court has reviewed the report and redacted all portions which are outside the scope of proper expert testimony or contain inadmissible testimony. A copy of the redacted report is attached as an addendum to this Order, and is filed under seal.

opinion in limited circumstances. "Indeed, the view of this circuit has been that when an expert testifies about such a statement, it is offered not for the truth of the statement but to show how the expert arrived at the opinion, and therefore is not considered hearsay." *Richie v. Mullin,* 417 F. 3d 1117, 1125 (10th Cir. 2005) (citing *Wilson v. Merrell Dow Pharm., Inc.*, 893 F.2d 1149, 1153 (10th Cir.1990)). In *Wilson*, the Circuit explained its view as follows:

> Federal Rule of Evidence 703 allows an expert witness to base his testimony upon facts or data that are hearsay, provided that those facts or data are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.' We have interpreted Rule 703 as allowing an expert to reveal the basis of his testimony during direct examination, even if this basis is hearsay, provided that the facts or data underlying his conclusions are of a type reasonably relied upon by others in his field of expertise. The hearsay is admitted for the limited purpose of informing the jury of the basis of the expert's opinion and not for proving the truth of the matter asserted.

*Wilson*, 893 F.2d at 1153 (citing *United States v. Affleck*, 776 F.2d 1451, 1457-58 (10th Cir. 1985)).

Fed. R. Evid. 703 was amended in 2000 "to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted." Fed. R. Evid. 703, Advisory Committee Notes. The Advisory Committee Notes provide as follows:

> When information is reasonably relied upon by an expert and yet is admissible only for the purpose of assisting the jury in evaluating an expert's opinion, a trial court applying this Rule must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other. The information may be disclosed to the jury, upon objection, only if the trial court finds that the probative value of the information in assisting the jury to evaluate the expert's opinion substantially outweighs its prejudicial effect.

*Id.* Furthermore, if the information is admitted "under this balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes." Fed. R. Evid.703 Advisory Committee Notes. "In determining the

7

appropriate course the trial court should consider the probable effectiveness or lack of effectiveness of a limiting instruction under the particular circumstances." *Id.*

In this case, Mr. High's report lists the materials he reviewed and considered in formulating his opinions. These materials include witness statements, including, *inter alia*, statements made to the FBI and OSBI during their investigation, government expert witness reports, and related statements of witnesses, including those of Defendant. Mr. High also interviewed Defendant. To formulate an opinion regarding the use of force in this case, Mr. High logically relied on these materials.[5] The fact that the statements are hearsay does not render them inadmissible to the extent Mr. High reasonably relied on them in formulating his opinion. This does not, of course, mean that such statements can be considered by the jury for the truth of the statements, and the jury will be instructed as to their proper consideration of the same.

The government also suggests Mr. High's testimony relating statements made to him by Defendant is an inappropriate means of introducing Defendant's statements without the benefit of cross-examination. However, as set forth above, Mr. High may rely on such information in forming his opinions, and may express his reliance on them as a basis for his testimony. In this case, such considerations go to the weight of the evidence, not its admissibility. The Court has the discretion, under Rule 611, to impose reasonable constraints on the mode and manner of presentation of evidence, and will do so in this case if it appears that Mr. High is serving as a mere mouthpiece for the expression of Defendant's version of events.

The Court has reviewed Mr. High's report and has redacted certain portions that it concludes are not admissible. Subject to those redactions and the foregoing limitations, the report does not

---

[5]It appears that some of these materials have been introduced into evidence through other witnesses or are listed as exhibits by the parties.

appear to reflect hearsay outside the scope of that which is properly utilized by an expert witness such as Mr. High. Defendant's counsel is directed to review the Court's redactions and notations regarding the same prior to Mr. High's testimony to ensure compliance with these requirements. The government's motion is thus granted in part and denied in part as to its contention that Mr. High's proffered testimony contains inadmissible hearsay.

Expert testimony involving topics outside the scope of the witness's expertise:

The government also argues Mr. High's report contains several conclusions regarding the extent of Christopher Beckman's injuries and opinions regarding how those injuries might have occurred. As the government correctly states, these are opinions outside the scope of Mr. High's expertise, as he is not a medical professional and does not profess to have experience or training sufficient to qualify him to testify regarding such matters. In his response, Defendant states that such opinions will not be elicited during Mr. High's testimony.

The Court has reviewed Mr. High's report and has concluded that it contains several statements which are outside the scope of his expertise. The report has been redacted to omit those statements. Mr. High will not be permitted to testify regarding these matters or offer an opinion regarding the injuries sustained by Christopher Beckman or how those injuries might have occurred.

In reviewing Mr. High's report, the Court also notes that it contains his speculation about events that might have occurred and/or could have resulted in injury to Christopher Beckman. Such speculation is inappropriate, and will not be admitted.

The Court has redacted Mr. High's report to exclude comments and conclusions based on medical or similar matters outside the scope of his expertise as well as his speculation regarding the events at issue in this case. Defendant's counsel is directed to instruct Mr. High that he cannot

9

testify regarding these matters. To the extent the government seeks exclusion of these portions of Mr. High's testimony, its motion is granted.

Expert testimony regarding credibility of witnesses:

The government also argues that Mr. High's expert report includes improper comments regarding the credibility of some witnesses. As the government correctly notes, the "credibility of witness testimony is a matter left to the jury and generally is not an appropriate subject for expert testimony." *Wilson*, 303 F. 3d at 1218 (citing *United States v. Adams*, 271 F. 3d 1236, 1245 (10th Cir. 2001) and *United States v. Charley*, 189 F. 3d 1251, 1265 (10th Cir. 1999)). "Such testimony is often excluded because it usurps a critical function of the jury and because it would not be helpful to the jury, which is capable of making its own determination regarding credibility." *United States v. Call*, 129 F. 3d 1402, 1406 (10th Cir. 1997), *cert. denied*, 524 U.S. 906 (1997).

The Court has reviewed Mr. High's report and agrees that it contains some improper comments or opinions related to the credibility of witnesses. Mr. High cannot testify regarding his opinions concerning the witnesses' credibility. The Court has redacted those portions of his report. Defendant's counsel is directed to instruct Mr. High that he will not be permitted to testify on these matters. To the extent the government's motion seeks exclusion of these comments, the motion is granted.

Conclusion:

In accordance with the foregoing and subject to the express limitations contained herein, the government's motion [Doc. No. 138] is GRANTED in part and DENIED in part. To the extent the government seeks to exclude Mr. High's testimony in its entirety, the Motion is DENIED. To the

10

extent the government seeks to exclude portions of the testimony, the Motion is GRANTED, as specifically set forth herein and in the attached addendum.

IT IS SO ORDERED this ___15th___ day of December, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE